FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 0 7 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
Ashley PERALTA,

              **Plaintiff,**

- v. -

ROROS 940, INC. and John P. ROROS

              **Defendants.**

----------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-cv-6242 (NG)

**GERSHON, United States District Judge:**

Plaintiff Ashley Peralta asserts discrimination claims under Title VII and the New York City Human Rights Law ("NYCHRL") against her former employer Roros 940, Inc. ("Roros 940") and its principal John P. Roros ("Mr. Roros"). On December 10, 2014, I granted summary judgment against plaintiff's Title VII claim asserting hostile work environment and denied summary judgment in all other respects. Soon thereafter, defendants' counsel moved to withdraw on the basis of defendants' nonpayment of legal fees. The motion was referred to the Honorable Cheryl Pollak, magistrate judge, who granted it on September 28, 2015. Citing defendants' failure to retain replacement counsel, plaintiff now moves for a judgment of default against the corporate defendant Roros 940.

Before turning to the motion, I must address one significant development. On March 18, 2016, while plaintiff's motion was pending, Mr. Roros filed for Chapter 7 bankruptcy. The filing triggered an automatic stay of plaintiff's claims against Mr. Roros. *See* 11 U.S.C. § 362(a). But no party has moved to extend the stay to non-debtor Roros 940, and the record before this court reveals no basis on which the stay could be so extended. The bankruptcy filing thus presents no obstacle to entering a default judgment against Roros 940.

Plaintiff also is correct that "a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it." *S.E.C. v. Amerindo Inv. Advisors*, 2016 WL 761365, at *2 (2d Cir. Feb. 26, 2016) (internal quotation marks omitted). Roros 940 was alerted to this requirement by order dated January 21, 2015, and again when its counsel's application to withdraw was granted on September 28, 2015. Having been afforded ample time to retain counsel and repeatedly warned of the consequences of not doing so, Roros 940 unquestionably is in default.

It would be premature, however, to enter a default judgment. As the Supreme Court long ago recognized, when one defendant defaults in a multi-defendant case, the district court should not enter "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). The purpose of this rule is to prevent the "inconsistent judicial decrees" that arise if "a judgment is entered against the defaulting defendant while the non-defaulting defendants are relieved from liability after trial." *Bleecker v. Zetian Sys., Inc.*, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013).

Although *Frow* could be read to admit no exception, its holding has been restricted by subsequent generations of jurists in various degrees, most narrowly to cases involving "true joint liability," *Friedman v. Lawrence*, 1991 WL 206308, at *2 (S.D.N.Y. Oct. 2, 1991), or other "situations where the liability of one defendant necessarily depends upon the liability of the others." *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746, n.4 (2d Cir. 1976). A modified approach has taken hold in cases where "the liability sought to be imposed is joint and several rather than joint." *See Lite-Up Corp. v. Sony Music Ent., Inc.*, 1999 WL 436563, at *2 (S.D.N.Y. June 24, 1999) (collecting cases). In that context, courts commonly direct entry of a default

judgment "solely as to liability and not as to the amount of damages." *Id.* This approach is viable, however, only when "it would not be inconsistent to hold some but not all defendants liable." *Id.* If there is a relationship between the defendants such that "it is necessary that the relief against [them] be consistent," the appropriate course is to defer entering a default judgment on both liability and damages. *See RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 414 (S.D.N.Y. 2009); *Burg v. Brunswick Hosp. Ctr. Inc.*, 1987 WL 19431, at *7 (E.D.N.Y. Oct. 23, 1987) (following *Frow* where liability was joint and several because there was a "relationship between the parties requiring vicarious liability").

Here, while plaintiff's NYCHRL claims are asserted against defendants jointly and severally, Roros 940's liability, if any, is effectively derivative. It depends on the viability of plaintiff's allegations against defendant Mr. Roros, the only individual alleged to have discriminated against plaintiff. Because Roros 940's liability "necessarily depends" on plaintiff's claims against Mr. Roros, a default judgment against Roros 940, even as to liability, cannot be entered until the claims against Mr. Roros are resolved. *See Vesco*, 535 F.2d at 746, n.4; *Burg*, 1987 WL 19431, at *7. To rule otherwise would risk inconsistent outcomes. That is, the bankruptcy stay as to Mr. Roros might be lifted and, if Mr. Roros were to prevail at trial, a default judgment against Roros 940 would have the incongruous effect of holding Roros 940 liable on allegations the jury rejected.

This is precisely the scenario confronted in *Mitchell v. Lyons Prof's Serv., Inc.*, 727 F. Supp. 2d 116, 119 (E.D.N.Y. 2010). The relevant plaintiff there asserted discrimination claims against a defaulting employer and a non-defaulting supervisor who allegedly harassed her. Acknowledging the specter of inconsistent liability judgments, *Mitchell* concluded that a default judgment should not issue against the employer until the claims against the supervisor were fully

adjudicated. *See id.* at 119. If the plaintiff prevailed at trial, the court reasoned, judgment would then enter against both the employer and supervisor "in the amount determined by the factfinder." *Id.*

I find *Mitchell's* approach persuasive and adhere to it here. In doing so, I recognize that accelerating judgment against Roros 940 could conceivably enhance plaintiff's likelihood of collecting against a potentially insolvent defendant. *See Curtiss-Wright Corp., v. Gen. Elec. Co.*, 446 U.S. 1, 12 (1980) (though not "a dispositive factor," a defendant's potential insolvency may "weigh in favor of certification" of partial judgment under Rule 54(b)). Plaintiff's interests in collecting do not, however, override the judicial interest in averting incompatible judgments. *See Mitchell*, 727 F. Supp. 2d at 120 (deferring default judgment even though the defaulting defendant's "ability to pay a judgment [was] very much in question"). This is particularly true here because the only impediment to entry of judgment—ongoing claims against a non-defaulting party—could be eliminated at plaintiff's election.[1]

For the foregoing reasons, the Clerk of Court is directed to enter a default against Roros 940 and plaintiff's motion for a default judgment is denied without prejudice. In addition, plaintiff shall advise the court by April 19, 2016 whether she intends to further pursue her now-stayed claims against Mr. Roros. If so, the motion for a default judgment will remain in abeyance pending resolution of those claims and Mr. Roros shall be instructed to submit a report

---

[1] The complaint's well-pleaded allegations would support entry of a default judgment on plaintiff's claims asserting discriminatory termination, under Title VII and the NYCHRL, and hostile work environment under the NYCHRL. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (default judgment may enter if "well-pleaded factual allegations" could establish defendant's liability). Plaintiff's NYCHRL counts asserting aiding and abetting (§8-107(6)) and employer liability (§8-107(13)) are not freestanding *claims* upon which relief could be granted. Her only other remaining claim, alleging "interference with a protected right" under the NYCHRL (§8-107(19)), fails as a matter of law because "[t]hreats are required to state a claim for violation of §8-107(19)." *Nieblas-Love v. New York City Housing Auth.*, 2016 WL 796845, at *12 (S.D.N.Y. Feb. 26, 2016). No threats are alleged here.

every 60 days detailing the status of ongoing bankruptcy proceedings. If plaintiff does not intend to pursue her claims against Mr. Roros, the court would be prepared to dismiss those claims pursuant to a motion filed under Fed. R. Civ. P. 41(a)(2) while entering judgment against Roros 940 to the extent described herein.

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Roros and to note the mailing on the docket.

**SO ORDERED.**

/s/ Nina Gershon

**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
      April 6, 2016